IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNETTE McWILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     CASE NO. 2:13-CV-351-WC |
| | ) |
| YALE CAROLINAS, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

On May 22, 2013, Defendant Yale Carolinas, Inc. ("Yale Carolinas") removed this case from the Circuit Court of Montgomery County, Alabama, to this court. The one count Complaint (Doc. 1-3) filed by Plaintiff Annette McWilliams ("McWilliams") alleges negligence and wantonness on the part of Yale Carolinas.

Jurisdiction is proper under 28 U.S.C. § 1332, 1441, and 1446(b)(3) (diversity), and pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. (Doc. 12).

Before the court is Yale Carolinas' Motion for Summary Judgment (Doc. 13) and Brief in Support (Doc. 14). McWilliams filed a Response (Doc. 15), to which Yale Carolinas filed a Reply (Doc. 16). Upon consideration of the Motion for Summary Judgment (Doc. 13), the pleadings of the parties, and the evidentiary materials filed in

support thereof, and for the reasons that follow, the court finds that the Motion is due to be granted.

## II. STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, a reviewing court shall grant a motion for "summary judgment if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]  Only disputes about material facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson*, 477 U.S. at 248).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion[,]" and alerting the court to portions of the record which support the motion. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). However, once the movant has satisfied this burden, the nonmovant is then similarly required to cite to portions of the record which show the existence of a material

---

[1] On December 1, 2010, amendments to Rule 56 became effective. The amendments to Rule 56 generally reorganize the provisions of the Rule and incorporate language which is "intended to improve the procedures for presenting and deciding summary judgment-motions and [is] . . . *not intended to change the summary-judgment standard or burdens.*" *Farmers Ins. Exchange v. RNK, Inc.*, 632 F.3d 777, 782 n.4 (1st Cir. 2011) (internal quotations omitted) (emphasis in original). Moreover, because the summary judgment standard remains the same, the amendments "will not affect continuing development of the decisional law construing and applying" the standard now articulated in Rule 56(a). Fed. R. Civ. P. 56(a) advisory committee's note to 2010 amendments. Accordingly, while the Court is bound to apply the new version of Rule 56, the undersigned will, where appropriate, continue to cite to decisional law construing and applying prior versions of the Rule.

factual dispute. *Id.* at 324. In doing so, and to avoid summary judgment, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations[], admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

If the nonmovant "fails to properly address another party's assertion of fact" as required by Rule 56(c), then the court may "consider the fact undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2) & (3).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). Likewise, the reviewing court must draw all justifiable inferences from the evidence in the nonmoving party's favor. *Anderson*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

### III. STATEMENT OF FACTS

The court has carefully considered the pleadings in this case and all documents submitted in support of, and in opposition to, the Motion for Summary Judgment. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

McWilliams is an employee of Daehan Solutions Alabama ("Daehan") working there from 2005 through the time this action was filed. McWilliams initially operated a forklift as a "material handler" and was later promoted to "material facilitator" in 2010. McWilliams received training in the operation and use of forklifts, including training from Yale Carolinas.

On September 28, 2012, McWilliams was using a forklift to stack pallets on racks that were approximately fifteen to twenty feet tall. After placing one of the pallets on the rack, McWilliams reversed the forks of the forklift out of the racks and attempted to lower the forks to the ground. However, the forks would not lower completely to the ground, having stopped two to three feet from the surface. McWilliams exited the forklift and walked around to inspect the forks. At that time, the front end of the forklift fell the remaining two to three feet onto her right foot, causing three of McWilliams toes to be amputated.

The Complaint alleges that "the forks on the forklift manufactured by Defendant Yale Carolinas fell on . . . McWilliams'[s] foot due to the negligence and wantonness of each defendant." (Doc. 1-1). On September 17, 2013, the Court entered a Uniform Scheduling Order. (Doc. 11). Section 8 of this Order set a deadline of October 25, 2013

for the plaintiff to provide expert disclosures in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure. McWilliams did not disclose any expert in accordance with the court's Uniform Scheduling Order.

## IV.   DISCUSSION

Yale Carolinas moves for summary judgment on the basis that "under either the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) or under traditional negligence principles [McWilliams] must prove that the product at issue is sufficiently unsafe as to render it "unreasonably dangerous." Def.'s Br. (Doc. 14) at 3 (citing *McMahon v. Yamaha Motor Corp.*, *U.S.A.*, 95 So. 3d 769, 772 (Ala. 2012)). Yale Carolinas asserts that absent expert testimony, McWilliams is unable to prove that the design or manufacture of the forklift in question was unreasonably dangerous for its intended use. *Id*. at 4. That is, because the machine is sufficiently complex, expert testimony is required to aid a lay jury in making a determination regarding any product defect and because McWilliams has failed to disclose any expert, summary judgment is appropriate.

For her part, McWilliams first asserts that Yale Carolinas negligently breached its duty of care in the manufacture of the forklift, which included special modifications for Daehan, and "wantonly omitted the testing of the new forklift." Pl.'s Br. (Doc. 15) at 4. Second, McWilliams asserts that the doctrine of *res ipsa loquitur* applies and negligence can be proven using circumstantial evidence. *Id*. More specifically, McWilliams argues that Yale Carolinas manufactured and controlled the forklift and, through no fault of McWilliams, "the entire front end of the forklift fell to the ground causing the fork to

land on [McWilliams] right foot" causing the severe injuries. *Id*. at 6.  Thus, McWilliams argues that no expert is required, as the event speaks for itself.   Third, McWilliams asserts that no expert is required because a lay juror could "reasonably infer" a defective condition.

### A. *Res Ipsa Loquitur*

"The *res ipsa loquitur* doctrine allows 'an inference of negligence where there is no direct evidence of negligence.'"  *Kmart Corp. v. Bassett*, 769 So. 2d 282, 286 (Ala. 2000) (quoting *Ex parte Crabtree Indus. Waste, Inc.*, 728 So. 2d 155, 156 (Ala. 1998)). Yale Carolinas argues that McWilliams may not rely on a lack of direct evidence, where McWilliams has sought none.[2]  While the court agrees, more importantly, even were the doctrine available to McWilliams she would be unable to show that it applied here.  For the doctrine to apply, a plaintiff must show that:

> "(1) the defendant . . . had full management and control of the instrumentality which caused the injury; (2) the circumstances [are] such that according to common knowledge and the experience of mankind the accident could not have happened if those having control of the

---

[2] Yale Carolinas asserts in its Reply that:

> The forklift Plaintiff was operating on the date of her accident still exists, though Plaintiff has never sought to inspect it. Documents pertaining to the design and manufacture of the forklift exist, though Plaintiff has never requested them. A corporate representative could have testified as to the design and manufacture of the forklift in question, but no effort was made by Plaintiff to depose Defendant's corporate representative. And most importantly, Plaintiff had an opportunity to retain and disclose an expert who could offer direct opinion testimony as to the cause "unreasonably dangerous" condition of the forklift, but she chose not to. Because Plaintiff has failed to avail herself of the abundance of direct evidence available to prove the purportedly dangerous condition of the forklift, she cannot now rely on evidentiary presumption to supply what she could have proven directly.

Def.'s Reply (Doc. 16) at 7.

6

[instrumentality] had not been negligent; [and] (3) the plaintiff's injury ... resulted from the accident."

*Crabtree Indus. Waste*, 728 So. 2d at 156 (quoting *Ala. Power Co. v. Berry*, 48 So. 2d 231, 238 (1950), and citing *Ward v. Forrester Day Care, Inc.*, 547 So. 2d 410, 411 (Ala. 1989), and *Khirieh v. State Farm Mut. Auto. Ins. Co.*, 594 So. 2d 1220, 1223 (Ala. 1992)).  Assuming that McWilliams is able to establish the third prong—her injury resulted from the accident—the court finds that McWilliams is unable to meet the first or second prongs of establishing that *res ipsa loquitur* applies.

McWilliams merely alleges that Yale Carolinas had full management and control of the forklift.  Yet, this assertion is not in concert with McWilliams's other allegations. McWilliams states: the forklift was "placed with Daehan;" Daehan was in "receipt of the . . . forklift;" she herself was "using the . . . forklift;" and that the forklift was "delivered" to Daehan. Pl.'s Br. (Doc. 15) at 2 & 6.  Indeed, McWilliams describes her own use and physical control of the forklift, stating that she "was using the Demo Forklift to stack pallets on racks that were approximately fifteen to twenty feet tall.  After placing one of the pallets upon the racks, [McWilliams] reversed the forks out of the racks, and attempted to lower the forks to the ground." Pl.'s Br. (Doc. 15) at 2 (citations to exhibits omitted).  In addition, as Yale Carolinas points out,

> Plaintiff also admits that she would inspect the forklift before operating it. (Doc. 15, Exh. 1 at 35:20-22). Plaintiff was typically the only Daehan employee that was authorized to operate the particular forklift in question, though on occasion other Daehan employees would also use it. (Doc. 15, Exh. 1 at 36:3-4; 37:2-7). The forklift had been at Daehan for two or three weeks. (Doc. 15, Exh. 1 at 37:11-13).

Def.'s Reply (Doc. 16) at 9.  Taking all of McWilliams's assertions as true, the court cannot find that "there [i]s legally sufficient evidence that all reasonably probable causes of the accident were under [Yale Carolinas'] exclusive control."  *Khirieh,* 594 So. 2d at 1224.  Thus, the court finds that McWilliams is unable to meet the first prong of establishing that the doctrine of *res ipsa loquitur* applies.

Without establishing the first prong, McWilliams is also unable to establish the second, which requires that she show that "the circumstances are such that according to common knowledge and the experience of mankind the accident could not have happened if [Yale Carolinas] had not been negligent."  *Crabtree Indus. Waste*, 728 So. 2d at 156.  McWilliams argues that it is simply common knowledge that without negligence the front end of a forklift will not simply fall.  Be that as it may, it was McWilliams who was operating the forklift, stacking pallets fifteen to twenty feet high, reversing the machine and eventually exiting the vehicle to inspect it.  It is not within the common knowledge and experience of mankind to know that it was then Yale Carolinas' negligence in the manufacture of the forklift that caused the accident.

Accordingly, the court finds that the doctrine of *res ipsa loquitur* does not apply.

### B.     *Expert Testimony*

As the court has found that McWilliams must now present evidence in support of her claims beyond the circumstantial, the court turns to the necessity of expert testimony.  As stated above, Yale Carolinas asserts that expert testimony is required in this case to prove negligence and wantonness, based on the notion that the design and operation of a forklift is sufficiently complex to require expert testimony to show the machine is

unreasonably dangerous.  In opposition, McWilliams simply asserts that while expert testimony is usually essential to claims under the extended manufacturer's liability doctrine, "[a] jury can 'reasonably infer' from the [front end of] the forklift falling onto [her] foot that a 'defective condition' caused the injury; therefore, expert testimony is not essential."  Pl.'s Br. (Doc. 15) at 7 (citing *Brooks v. Colonial Chevrolet Buick, Inc.*, 579 So. 2d 1328, 1332 (Ala. 1991)).

It is true that the Alabama Supreme Court did say in *Brooks* that "[i]f, however, under all the attendant circumstances, absent expert testimony, the jury could reasonably infer from the product's failure of performance that a defective condition caused the injury, a *prima facie* case has nonetheless been established."  579 So. 2d at 1332. However, the "if however" in that quote is preceded by the court's reiteration of their holding in *Sears Roebuck & Co. v. Haven Hills Farm, Inc.,* 395 So. 2d 991 (Ala.1981) and the notion

> "that because of the complex and technical nature of the product and in order to present evidence from which a lay jury may reasonably infer that a defective condition of the product was the cause of the product's failure and the cause of the resultant injury to the plaintiff, expert testimony is *usually* essential and, therefore, usually required."

*Id*.  The court went on to determine that expert testimony was required in *Brooks*, where plaintiffs were alleging a defective brake system, stating that:

> an automobile brake system is composed of, among other parts, calibers, rotors, discs, rear wheel cylinders, brake shoes, and master cylinders; it is a system composed of parts that would not be familiar to the lay juror, and the lay juror could not reasonably be expected to understand that system and determine if it was defective, without the assistance of expert testimony. In essence, it is a system that appears to be precisely the type of

>complex and technical commodity that would require expert testimony to prove an alleged defect.

*Id*. at 1333.

Here too, the court finds that a forklift is a machine composed of parts that would not be familiar to the lay juror. *See, e.g.*, *Wasilewski v. Abel Womack, Inc.*, 2014 WL 819498, *4 (D. Conn. Mar. 3, 2014) ("[A] forklift is a complex machine beyond the purview of the ordinary consumer and that expert testimony is necessary to establish the existence of a design defect."); *Oritz v. Yale Materials Handling Corp.*, 2005 WL 2044923, *11 (D.N.J. Aug. 24, 2005) ("The instrumentality at issue in this case, a forklift, is a complicated piece of equipment that consists of many intricate mechanical parts."); *Brown v. Raymond Corp.*, 318 F. Supp. 2d 591 (W.D. Tenn. 2004), aff'd, *Brown v. Raymond Corp.*, 432 F.2d 640 (6th Cir. 2005), ("Forklifts are complex machines, and ordinary consumers have no reasonable expectations regarding their safety."). Beyond the ordinary complexity of a forklift, McWilliams has insisted that the particular machine in question was: a "demonstration forklift;" "new" and "introductory[,] . . . designed and manufactured . . . to meet a specific need as requested by Daehan;" "designed to allow the forks to extend forward, a task which previously could only be achieved using an alternate machine;" and "had no guardrail on the front . . . as was customary on all previous [Yale Carolinas] manufactured forklifts" and that the guardrails serve "as a barrier to hold all of the hydraulic hoses in place." Pl.'s Br. (Doc. 15) at 2. By McWilliams own assertions then, this was a unique and even more complex forklift, which the court finds would certainly require expert testimony.

Accordingly the court finds that expert testimony is required of McWilliams in order to prove Yale Carolinas' negligence and wantonness. Because McWilliams is unable to offer such expert testimony and cannot rely on circumstantial evidence in support of her claim, summary judgment is appropriate.

## IV. CONCLUSION

For the above stated reasons, it is

ORDERED that the Motion for Summary Judgment (Doc. 13) is GRANTED and this case is DISMISSED.

A separate judgment will issue.

Done this 5th day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE